E. Scott Palmer, Esq., SBN 155376
Email: spalmer@pldlawyers.com
Frederick A. Haist, Esq., SBN 211322
Email: fhaist@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone: (213) 688-0430
Fax: (213) 688-0440

Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PACHECO, an individual, | Case No. C 08-03002 JF |
| Plaintiff, | |
| vs. | **DEFENDANT HOMECOMINGS FINANCIAL, LLC'S NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF CARLOS PACHECO'S COMPLAINT** |
| HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; MORTGAGEIT, INC., a New York corporation; and DOES 1-100, Inclusive, | [RULE 12(f)] |
| Defendants. | DATE:  August 29, 2008<br>TIME:  9:00 a.m.<br>PLACE:  Courtroom 3 |
| | [Complaint Filed: May 15, 2008] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, at 9:00 a.m., or as soon thereafter as the matter may be heard before Judge Jeremy Fogel, at the United States District Court, Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendant Homecomings Financial, LLC ("Homecomings") will, and hereby does, move to strike a portion of paragraph 2 of the Prayer of Plaintiff Carlos Pacheco's Complaint.

Specifically, Homecomings seeks to strike the words "punitive damages" from paragraph 2 in the Prayer to Plaintiff's Complaint. These words improperly request exemplary and punitive damages.

This motion is made pursuant to RULE 12(f) of the FEDERAL RULES OF CIVIL PROCEDURE on the basis that Plaintiff Carlos Pacheco has failed to allege sufficient facts or claims allowing him to maintain a request for punitive damages under the law. Thus, the words are impertinent, immaterial and scandalous matter.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings and papers on file in this action, and on such further oral and documentary evidence as may be presented at the hearing of this motion.

DATED: June __23__, 2008

By  s/Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC

1  E. Scott Palmer, Esq., SBN 155376
   Email: spalmer@pldlawyers.com
2  Frederick A. Haist, Esq., SBN 211322
   Email: fhaist@pldlawyers.com
3  PALMER, LOMBARDI & DONOHUE LLP
   888 West 6th Street, 12th Floor
4  Los Angeles, California 90017
   Phone: (213) 688-0430
5  Fax: (213) 688-0440

6  Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 CARLOS PACHECO, an individual,    )   Case No. C 08-03002 JF
                                      )
12        Plaintiff,                  )   **DEFENDANT HOMECOMINGS
                                      )   FINANCIAL, LLC'S
13     vs.                            )   MEMORANDUM OF POINTS
                                      )   AND AUTHORITIES IN
14 HOMECOMINGS FINANCIAL, LLC,        )   SUPPORT OF MOTION TO
   a Delaware limited liability company; )   STRIKE PORTIONS OF
15 MORTGAGEIT, INC., a New York       )   COMPLAINT**
   corporation; and DOES 1-100, Inclusive, )
16                                    )   [FRCP RULE 12(f)]
          Defendants.                 )
17                                    )   DATE:    August 29, 2008
                                      )   TIME:    9:00 a.m.
18                                    )   PLACE:   Courtroom 3
                                      )
19 _____ )    [Complaint Filed: May 15, 2008]

21 **I.    INTRODUCTION**

22        Plaintiff Carlos Pacheco flew to Southern California to sign papers for a loan

23 on his house and then returned to Northern California, all in the same day. Pacheco

24 alleges that his one day trip was on November 7, 2005, but asserts that he and the

25 notary dated the loan papers November 4, 2005. He alleges he received a Notice of

26 Right to Cancel with printed dates of October 24, 2005, but he admits he

27 ///

28 ///

1  nevertheless signed it on October 27, 2005.[1]  The original lender on Pacheco's loan
2  was Defendant MortgageIT, Inc.  MortgageIT later assigned its interest in the loan
3  to Defendant Homecomings Financial, LLC.  More than a year and a half after
4  receiving the loan, Pacheco sought to rescind the loan under the Truth in Lending
5  Act, 15 U.S.C. §§1601 *et seq*. ("TILA"), asserting that he did not receive a proper
6  Notice of Right to Cancel.  Pacheco subsequently sued MortgageIT and
7  Homecomings when Homecomings refused to rescind it based upon the date of
8  execution set forth in the applicable November 4, 2005 Notice of Right to Cancel.
9  Pacheco, in paragraph 2 of the Prayer to his Complaint, requests punitive damages.
10 The request should be stricken since punitive damages are not available under
11 TILA.

## II.  LEGAL STANDARD

Under FEDERAL RULE OF CIVIL PROCEDURE, RULE 12(f), the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." A motion to strike may be used to strike a request for damages that are not recoverable as a matter of law.  *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1479, fn. 34 (C.D. Cal. 1986).  Homecomings requests that the court strike the words "punitive damages" from paragraph 2 in the prayer to Pacheco's Complaint as being immaterial, impertinent and scandalous matter.

## III.  PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER PACHECO'S TILA CLAIM

Pacheco, in the prayer to his complaint, generally requests punitive damages under TILA.  This request should be stricken for a simple reason—TILA does not provide for punitive damages, especially when there are no allegations of malice. *See e.g., Smith v. Capital Roofing Co. of Jackson, Inc.*, 622 F.Supp. 191, 195-196 (D. Miss. 1985); *see also,* 15 U.S.C. §1640(a) (providing for punitive type damages

---

[1] The loan file tells a slightly different story; it contains a Notice of the Right to Cancel signed and dated by Pacheco on November 4, 2005.

for class actions but not individual suits); *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 225 (4th Cir. 1978) ("statutory damages under s 1640(a)(2)(B) [are] nothing more than a prayer for statutorily-authorized punitive damages"); *Parker v. DeKalb Chrysler Plymouth,* 673 F.2d 1178, 1181 (5th Cir. 1982) (TILA's damage provisions serve as a deterrent comparable to exemplary damages).  The TILA statue provides for the full panoply of damages available to Pacheco and punitive damages are not an option.  15 U.S.C. § 1640(a).

**IV.    CONCLUSION**

Pacheco does not allege any other claims on which he could base his claim of punitive damages.  The words "punitive damages" in paragraph 2 of the Prayer of the complaint should be stricken since punitive damages are not available under TILA.

DATED:  June  23 , 2008

By s/Frederick A. Haist
E. SCOTT PALMER
FREDERICK A. HAIST
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendant HOMECOMINGS FINANCIAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PACHECO, an individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; MORTGAGEIT, INC., a New York corporation; and DOES 1-100, Inclusive,<br><br>   Defendants. | Case No. C 08-03002 JF<br><br>**[PROPOSED] ORDER STRIKING PORTIONS OF PLAINTIFF CARLOS PACHECO'S COMPLAINT**<br><br>[RULE 12(f)] |

  Defendant Homecomings Financial, LLC's motion to strike portions of Plaintiff Carlos Pacheco's Complaint came on for hearing before the undersigned at 9:00 a.m. on August 29, 2008. Appearances were made as noted on the record.

  After reviewing the papers, the pleadings and arguments of counsel, the Court finds that the following words are improperly alleged and must be stricken as being immaterial and impertinent under FEDERAL RULE OF CIVIL PROCEDURE RULE 12(f): "punitive damages" in paragraph 2 in the prayer to Plaintiff's Complaint.

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

1  These two words must be stricken in their entirety because Plaintiff Carlos Pacheco cannot request exemplary and punitive damages under the Truth In Lending Act, 15 U.S.C. §1640.

IT IS SO ORDERED.

DATED:

_____
Honorable Jeremy Fogel
United States District Court Judge

Submitted By   /s/ Frederick A. Haist
E. Scott Palmer, Esq., SBN 155376
Frederick A. Haist, Esq. SBN 211322
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Phone:  (213) 688-0430
Fax:  (213) 688-0440

Attorneys for Defendant Homecomings Financial, LLC