1  Lorenzo Gasparetti (SBN 135976)
   E-mail: lgasparetti@reedsmith.com
2  Karen A. Braje (SBN 193900)
   Email: kbraje@reedsmith.com
3  Kristine H. Chen (SBN 239925)
   Email: kchen@reedsmith.com
4  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
5  San Francisco, CA 94111-3922

6  **Mailing Address:**
   P.O. Box 7936
7  San Francisco, CA 94120-7936

8  Telephone:   +1 415 543 8700
   Facsimile:   +1 415 391 8269
9
   Attorneys for Defendant
10 MortgageIT, Inc.

11

12             UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15 CARLOS PACHECO, an individual,            Case No. C08 03002 JF HRL

16           Plaintiff,                      Honorable Jeremy Fogel

17      vs.                                  **DEFENDANT MORTGAGEIT, INC.S'
                                             MOTION TO STRIKE DAMAGE
18 HOMECOMINGS FINANCIAL, LLC, a             ALLEGATIONS FROM PLAINTIFF'S
   Delaware limited liability company;       COMPLAINT**
19 MORTGAGEIT, INC., a New York
   corporation; and DOES 1-100, inclusive,   Complaint Filed:  May 15, 2008
20                                           Case Removed:     June 18, 2008
             Defendants.
21                                           Date:       September 5, 2008
                                             Time:       9:00 a.m.
22                                           Courtroom:  3

23

24

25

26

27

28

DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on September 5, 2008, at 9:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 3 of the above-entitled Court, located at 280 South 1st Street, San Jose, California, 95113, before the Honorable Jeremy Fogel, United States District Court Judge, Defendant MortgageIT, Inc. ("MortgageIT"), will and does hereby move, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking portions of Plaintiff's Complaint. Specifically, MortgageIT seeks an order striking the following:

1. Complaint, Prayer at ¶ 2: Award Plaintiff actual, compensatory, statutory and punitive damages in an amount to be determined at trial.

2. Any other claim for damages in the Complaint (*i.e.*, reference to "statutory penalties and other damages" in Paragraph 1, p:2:line 8).

MortgageIT moves to strike Plaintiff's damage claims because (1) all of Plaintiff's damages claims are time-barred under the Truth In Lending Act ("TILA"); (2) TILA does not permit the recovery of punitive damages; and (3) alternatively, Plaintiff fails to plead any facts to support a punitive damage claim as against MortgageIT. This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support filed concurrently herewith, the pleadings and papers on file herein, and upon such other and further matters as may be presented at the hearing.

DATED: June 25, 2008.

                                        REED SMITH LLP

                                        By_____
                                            Karen A. Braje (SBN 193900)
                                            Kristine H. Chen (SBN 239925)
                                            Attorneys for Defendant
                                            MortgageIT, Inc.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant MortgageIT, Inc. ("MortgageIT") respectfully submits the following Memorandum of Points and Authorities in support of its Motion to Strike:

### I. INTRODUCTION

Plaintiff Carlos Pacheco's ("Plaintiff") claim against MortgageIT is based solely on the company's alleged violation of the Truth in Lending Act ("TILA") and Regulation Z, the regulation that defines credit disclosure requirements under TILA. Plaintiff alleges that the closing documents he was provided in connection with the mortgage loan he obtained from Mortgage IT contained inadequate notices of rescission as required under TILA and Regulation Z. Plaintiff does not allege that he communicated directly with MortgageIT or that MortgageIT was present at the closing, but rather he acknowledges that all communications he had regarding his loan were with representatives from Real Estate Loan Centers ("RELC"), an entity which is not named in this suit. Nonetheless, based on these allegations, Plaintiff seeks not only rescission of his loan but also actual, statutory and punitive damages.

Plaintiff's claims for damage fails on multiple grounds. First, Plaintiff's claims are time-barred under the one-year statute of limitations applicable to damage claims under TILA. Second, TILA does not permit the recovery of punitive damages. Third, even were punitive damages permitted under the statute, Plaintiff fails to allege any facts sufficient to support the award of punitive damages in this case. As a result, this Court should strike all references to damages from the Complaint.

### II. FACTUAL ALLEGATIONS

The facts alleged in Plaintiff's Complaint are relatively straightforward. Plaintiff alleges that in or around November 2005, he financed a home mortgage loan ("Loan") through MortgageIT.

[Compl. at ¶ 15]. On November 7, 2005, Plaintiff signed Loan closing documents at the offices of Real Estate Loan Centers ("RELC"). [Compl. at ¶¶ 16-17]. Plaintiff does not allege that he communicated with MortgageIT, that MortgageIT participated in the closing or that MortgageIT even still holds the loan. However, Plaintiff alleges that his closing documents were deficient and in violation TILA and Regulation Z because: (1) the notarized Deed of Trust was backdated to November 4, 2005 [Compl. at ¶ 18], (2) the two Notice of Right to Cancel ("Notices") forms were backdated to October 24, 2005 and October 27, 2005 [Compl. at ¶ 20]; and (3) both Notices did not include the last date on which Plaintiff could exercise his right to rescind the Loan. [*Id.*].

Thereafter, MortgageIT funded the Loan on November 9, 2005, and the Deed of Trust was recorded on November 10, 2005. [Compl. at ¶¶ 21-22]. Plaintiff alleges MortgageIT subsequently assigned the Loan to Defendant Homecomings Financial LLC ("Homecomings"). [Compl. at ¶ 24].

In April 2007, Plaintiff requested that both MortgageIT and Homecomings rescind the Loan based on the TILA and Regulation Z violations alleged in the Complaint. [Compl. at ¶¶ 26-27]. In particular, on April 20, 2007, Plaintiff made a request in writing to MortgageIT, asking that MortgageIT rescind the Loan. [Compl. at ¶ 26, Exh. B]. On April 23, 2007, Plaintiff made a similar request for rescission in writing to Homecomings. [Compl. at ¶ 27, Exh. C]. Plaintiff alleges that both MortgageIT and Homecomings failed and refused to rescind the Loan in response to Plaintiff's request. [Compl. at ¶¶ 26-27].

More than a year later, on May 15, 2008, Plaintiff filed his Complaint in the Superior Court for Santa Cruz County ("Complaint"). Homecomings then removed the Complaint to this Court on Federal question grounds with MortgageIT's consent.

- 3 -

DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### III. LEGAL ARGUMENT

**A. A Motion To Strike Is Properly Brought To Remove Improper Damage Claims.**

A party may move to strike "redundant, immaterial, impertinent or scandalous" matter from the complaint. Fed. R. Civ. P. 12(f). Immaterial matter is matter that has "no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotations and citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is matter that is "irrelevant to the issues in the case and or are otherwise inadmissible." *Fantasy*, 984 F.2d at 1527. And, matter that has no possible bearing on the subject matter of the litigation or that is unduly prejudicial to the moving party can also be stricken. *Platt Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). The purpose of a motion to strike is to avoid the expenditure of time and money associated with the litigation of spurious issues by eliminating these issues prior to trial. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Fantasy, Inc.*, 984 F.2d at 1527.

Of particular relevance here, a motion to strike is the proper vehicle to remove claims for types of relief that are not permitted under the law. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (noting that a motion to strike is properly granted as to punitive damage allegations where such damages are not recoverable as a matter of law); *Gay-Straight Alliance Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1110 (E.D. Cal. 2001). A motion to strike can also be used to eliminate punitive damage allegations where they are not properly pled. *Bear v. Louisville Ladder, Inc.*, 2007 U.S. Dist. Lexis 75007, at *4-5 (S.D. Cal. Oct. 9, 2007) (noting that while a plaintiff need not meet the heightened pleading standard required under California law, he must include a short and plain statement that the defendant acted with malice, oppression or fraud).

- 4 -

DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

B. **Plaintiff's Claims For Damages Should Be Stricken From the Complaint Because They Are Time-Barred Under TILA.**

In order to maintain an action for actual or statutory damages under TILA, a plaintiff must bring his action "within one year from the date of the occurrence of the violation."[1] 15 U.S.C. § 1640(e); *see Smith v. Gold Country Lenders (In re Smith)*, 289 F.3d 1155, 1157 (9th Cir. 2002) (defining actual damages under TILA as those which "compensate for a proven injury or loss") (emphasis and citation omitted)). The "occurrence" of the violation, for purposes of applying this statute of limitation, is measured from the "'date of consummation' of the transaction, which is generally the date on which the money is loaned to the debtor." *Rowland v. Novus Fin. Corp.*, 949 F. Supp. 1447, 1454 (D. Haw. 1996) (citing *King v. State of Cal.*, 784 F.2d 910, 913 (9th Cir. 1986)); *see* 12 C.F.R. 226.2(13) (stating that transaction is consummated at the moment "a consumer becomes contractually obligated on a credit transaction"); *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (affirming summary judgment in favor of defendant because plaintiffs did not bring TILA claim for damages until more than one year after loan closing documents were signed); *Monaco v. Bear Stearns Residential Mortgage Corp.*, No. CV 07-05607 SJO (CTx), 2008 U.S. Dist. Lexis 26235, at *10-11 (C.D. Cal. Jan. 28, 2008) (dismissing plaintiff's TILA claim for damages because it was brought more than one year after "consummation" of the loan).

If a plaintiff seeks damages stemming from an alleged failure to respond or otherwise take action on a request for rescission, the "occurrence" of the violation is measured from "either the date on which Plaintiff exercised his right of rescission or the date on which Defendant failed to respond to Plaintiff's rescission." *Rowland*, 949 F. Supp. at 1455; *see* 15 U.S.C. § 1635(b) (giving creditor 20 days from receipt of rescission letter to respond and take action related to a debtor's request for rescission). As a result, the statute begins to run - at the latest – twenty days after the plaintiff makes

---

[1] Plaintiff is not permitted to recover punitive damages pursuant to TILA for the reasons explained below. But, if he were, any such claim would also be time-barred.

- 5 -

DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

a claim for rescission to the lender. *See Percival v. Am. Home Mortgage Corp.*, 469 F. Supp. 2d 409, 414 (N.D. Tex. 2007) (finding that plaintiff's TILA claim for rescission damages was time-barred because "[a]t the latest, the limitations period was triggered when the 20 days elapsed and the lender had failed to properly respond to the notice").

In his Complaint, Plaintiff includes allegations regarding his loan closing as well as his subsequent demand for rescission and states generally that he seeks actual, compensatory, statutory, and punitive damages from Defendants. [Prayer at ¶ 2]. While Plaintiff's theory is not entirely clear, it is evident that any alleged claim for damages whether tied to the initial closing documents or to his claim for rescission is time-barred.

1. **Any Claim For Damages Arising From The Closing Is Time-Barred Under TILA's One-Year Statute Of Limitation.**

Plaintiff alleges that MortgageIT failed to deliver proper notices of the right to cancel in connection with the closing of his mortgage loan. [Compl. At ¶ 30]. However, Plaintiff acknowledges that he signed Loan closing documents at RELC on November 7, 2005, and that the Loan funded on November 9, 2005. [Compl. at ¶¶ 17-21]. As a result, any alleged statutory violation occurred no later than November 9, 2005, when MortgageIT allegedly funded the Loan and Plaintiff became liable under the promissory note for repayment of the loan proceeds. And, Plaintiff was required to bring any suit seeking damages for an alleged TILA violation within one year of that closing date, or no later than November 9, 2006. Plaintiff, however, did not file his Complaint until May 15, 2008, more than two years after his Loan closed.

As the preceding timeline makes clear, Plaintiff's claim for damages due to MortgageIT's allegedly deficient notice is time-barred under TILA. The Court should, therefore, strike this claim because it is "irrelevant to the issues in the case and [] otherwise inadmissible." *Fantasy*, 984 F.2d at 1527.

- 6 -
DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

### 2. Any Claim For Damages Arising From Plaintiff's Request For Rescission Is Also Time-Barred.

Plaintiff also alleges that he requested rescission of the Loan on April 20, 2007, but that MortgageIT failed to accept Plaintiff's request pursuant to TILA. [Compl. at ¶¶ 26, 33-36]. MortgageIT believes the notice to cancel that Plaintiff received at closing was sufficient and that, as a result, the statute of limitations begins to run from the date listed above and Plaintiff's right to rescind lapsed three days later. However, even were the Court to find Plaintiff had a continuing right to rescind, he acknowledges that he requested MortgageIT rescind his loan by letter dated April 20, 2007, and sent by overnight mail. [Compl. at ¶¶ 26 and 32, Exh. B]. As a result, Plaintiff's claim is also time-barred under either standard set out in *Rowland*. First, Plaintiff requested rescission on April 20, 2007, thereby making his deadline for filing a damage claim April 20, 2008. Second, even were the Court to consider the additional 20-day time period for MortgageIT to respond and take action on Plaintiff's request for rescission, Plaintiff's purported claim for damages arose no later than May 11, 2007. And, Plaintiff's Complaint for damages stemming from his request for rescission would need to been brought by May 11, 2008. As noted above, however, Plaintiff did not file his Complaint until May 15, 2008, more than one year after his deadline no matter how calculated.

Plaintiff's claim for damages stemming from his request for rescission is time-barred just like his claim stemming from the allegedly deficient notice. The Court should, therefore, also strike this claim from the Complaint.

### C. Plaintiff's Prayer For Punitive Damages Against MortgageIT Should Be Stricken Based On Additional Grounds.

#### 1. Punitive Damages Are Not Permitted Under TILA.

Damage remedies under TILA are limited in scope to actual and statutory damages. *See* 15

- 7 -

U.S.C. § 1640(a) (providing for actual and statutory damages under TILA); *In re Buckles*, 189 B.R. 752, 765 (Bankr. D. Minn. 1995) (describing the statutory damages available under TILA as a "punitive" remedy assessed in an amount equal to multiples of the charged finance charge). In keeping with this structure of the statute, punitive damages are not available under TILA. *See In re Ameriquest Mortgage Co.*, No. 05-CV-7097, 2007 U.S. Dist. Lexis 45676, at *9-10 (N.D. Ill. June 25, 2007) (stating that "TILA does not provide for recovery of punitive damages"); *Bond v. Fleet Bank (RI), N.A.*, No. 01-1778 L, 2002 U.S. Dist. Lexis 4131, at *8-9 (D. R.I. Feb. 21, 2002) (same).

Here, Plaintiff seeks punitive damages by way of a bald request in the Prayer of his Complaint. [*See* Prayer at ¶ 2] Leaving aside the lack of factual support for any such claim in this case, Plaintiff's Complaint is based solely on an alleged violation of TILA and, as such, his punitive damage claim fails as a matter of law. For this additional reason, the Court should strike Plaintiff's claim for punitive damages and any reference to this claim in the Complaint.

2. **There Are No Allegations In The Complaint That Support An Award Of Punitive Damages Against MortgageIT.**

Finally, the Court should strike Plaintiff's claim for punitive damages because the claim is wholly unsupported by the allegations and the facts set forth in the Complaint. The Prayer in the Complaint seeks punitive damages, but there are no allegations within the Complaint that MortgageIT acted with malice, oppression or fraud and no facts to support any such allegation. Indeed, Plaintiff does not allege that he communicated directly with MortgageIT or that MortgageIT participated in the closing. To the contrary, Plaintiff alleges that his communications regarding the closing of the Loan were with representatives from RELC. [Compl. at ¶¶ 16-19] And, Plaintiff makes no allegations about the relationship between RELC and MortgageIT, though he alleges in a conclusory way that MortgageIT and Homecomings were agents and representatives of one another. [*E.g.*, Compl. at ¶¶ 12-13]

In short, Plaintiff fails to allege any basis whatsoever for the imposition of punitive damages against MortgageIT. Even were the Court to conclude that TILA allows for punitive damages (which it does not as stated in the cases cited above), it should strike Plaintiff's claim for punitive damages because it is lacking in the necessary allegations and factual support.

## IV.   CONCLUSION

For all of the foregoing reasons, MortgageIT respectfully requests that this Court grant MortgageIT's motion to strike Plaintiff's prayer for damage remedies as reflected in Prayer, ¶ 2 and anywhere else in the Complaint such claims are reflected. Plaintiff's claims for damages are all time-barred and, in addition, Plaintiff is not entitled to recover punitive damages as a matter of law.

DATED: June 25, 2008.

REED SMITH LLP

By _____
Karen A. Braje (SBN 193900)
Kristine H. Chen (SBN 239925)
Attorneys for Defendant
MortgageIT, Inc.

DOCSSFO-12518461-886831-60012

- 9 -

DEFENDANT MORTGAGEIT, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF