JENKINS MULLIGAN & GABRIEL LLP.
Thomas A. Jenkins, Esq. [SBN: 92213]
tom@jmglawoffices.com
Daniel J. Mulligan, Esq. [SBN: 103129]
dan@jmglawoffices.com
Larry W. Gabriel, Esq. [SBN: 68329]
lgabriel@jmglawoffices.com
10085 Carroll Canyon Road, Suite 210
San Diego CA 92131
Telephone: (415) 982-8500
Facsimile: (415) 982-8515

Attorneys for Plaintiff

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CARLOS PACHECO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company; MORTGAGEIT, INC., a New York corporation; and DOES 1-100, Inclusive,<br><br>Defendants.<br>_____<br>MORTGAGEIT, INC., a New York corporation,<br><br>Third Party Plaintiff,<br><br>vs.<br><br>RELC, INC., dba REAL ESTATE LOAN CENTER, a California corporation; NANCY LINDNER, an individual; PEDRO REYES, an individual,<br><br>Third Party Defendants.<br>_____ | Case No.: C08 03002 JF HRL<br><br>**PLAINTIFF CARLOS PACHECO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 25, 2010<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Judge: Hon. Jeremy Fogel<br><br>Complaint Filed: May 15, 2008<br>Case Removed: June 18, 2008<br>SAC Filed: December 29, 2009<br>Trial Date: January 10, 2011 |

## I. STATEMENT OF ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENT

In their motion for summary judgment, Defendants present only three issues. Defendants contend (1) that there was no violation of the Truth-in-Lending Act ("TILA"); (2) that Plaintiff cannot "tender" and thus, even if there was a violation of TILA, the TILA claim and the quiet title cause of action must be dismissed; and (3) that Plaintiff's demand for rescission was untimely, as it was not made within three days of the date of the loan.

Plaintiff maintains that, at a minimum, there are material issues of disputed fact as to each issue. First, Plaintiff rebuts the evidence regarding when the loan documents were actually signed and notes that, in any event, the Notice of Right To Cancel forms that he received were improper. [Infra, § B]. Second, Plaintiff submits evidence showing that, at the present moment, he can refinance his property – assuming the rescission is granted – and tender the necessary proceeds. For this reason, the request to dismiss the TILA claim and the quiet title claim on this basis must also be denied. [Infra, §§'s C and D]. Finally, Plaintiff demonstrates that his rescission demand was timely. [Infra, § E]. .

## II. STATEMENT OF RELEVANT FACTS

As set forth in the Second Amended Verified Complaint ("SAVC") at paras. 15-28, Plaintiff, in November 2005, refinanced his home mortgage loan with MortgageIT. The MortgageIT loan in the sum of $607,200 was secured by a deed of trust recorded on November 10, 2005, against his residence, located at 855 Soquel San Jose Road, Soquel, California ("the Loan") as Document No. 2005-0079205 in the Official Records of Santa Cruz County. (SAVC ¶¶ 17, 23) Plaintiff is informed and believes that MortgageIT's interest in the Loan was assigned to Homecomings. (SAVC ¶25)

Although he resided in Santa Cruz County in Northern California, Plaintiff flew to Southern California on November 7, 2005, and drove to the office of the Real Estate Loan Centers ("the Loan Office") in Apple Valley to sign loan documents. (SAVC ¶17)  Later that same day, Plaintiff flew back to Northern California. (Id.)

On November 7, 2005, Plaintiff signed several loan documents, including an Adjustable Rate Note in favor of MortgageIT and a Deed of Trust. (SAVC ¶18)  A notary present in the Loan Office notarized Plaintiff's signature on the Deed of Trust and dated the trust deed as November 4, 2005, three days prior to the date Plaintiff appeared at the Loan Office and signed the loan documents. (SAVC ¶19)

While at the Loan Office, Plaintiff received a pre-copied set of loan documents, all unsigned. (SAVC ¶20) Included among the loan documents were two Notice of Right To Cancel forms showing a printed date of October 24, 2005, some 12 days before Plaintiff appeared at the Loan Office. (SAVC ¶21) One of the two cancellation forms contains Plaintiff's signature and shows a handwritten date next to his signature of October 27, 2005. (Id.) However, neither of these two cancellation forms showed the last day on which Plaintiff could exercise his right to cancel the Loan, as required by TILA. (Id.)

The Loan funded on November 9, 2005, two days after Plaintiff signed the loan documents and one day prior to the date on which Plaintiff's actual right to rescind the Loan, pursuant to TILA and Regulation Z, expired. (SAVC ¶22)

On April 20, 2007, Plaintiff gave MortgageIT a valid notice of rescission of the Loan and on April 23, 2007, Plaintiff gave Homecomings a valid notice of rescission. (SAVC ¶¶ 27, 28) Both MortgageIT and Homecomings have failed and refused to accept Plaintiff's valid rescission notices and to take steps required by TILA to rescind the Loan. (SAVC ¶28)

On May 15, 2008, Plaintiff filed his initial Complaint in Santa Cruz County Superior Court. Defendants removed the case to Federal Court on June 18, 2008, and subsequently filed a Motion To Strike the damages claim associated with the TILA claim on the ground that such claim was time-barred. Plaintiff did not oppose this motion which was granted, and Plaintiff filed his First Amended Complaint on September 4, 2009, and his Second Amended Verified Complaint on December 29, 2009. A trial date has been set for January 10, 2011.

### III. LEGAL ARGUMENT

#### A. Standard of Review

As this Court is no doubt well aware, summary judgment is only appropriate where there is no material issue of disputed fact that must be decided at trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Summary judgment is properly granted only when no genuine and disputed issues of material fact remain and, when viewing the evidence most favorably to the non-moving party, the moving party is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986); *Eisenberg v. Ins. Co. of N. Am.,* 815 F.2d 1285, 1288-89 (9th Cir. 1987).

Material facts which would preclude entry of summary judgment are those which, under the applicable law, may affect the outcome of the case. The substantive law will identify which facts

are material. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed2d 202 (1986).

The moving party bears the burden of showing that there is no material factual dispute. As a consequence, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. *Celotex,* 477 U.S. at 324; *Eisenberg,* 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed2d 538 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.,* 952 F.2d 1551, 1558 (9th Cir. 1991). All that the non-moving party must demonstrate is that there are genuine issues of material fact. If such are demonstrated, summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

Here, there are disputed issues of material fact as to each issue presented. On this record, the motion must be denied.

**B.    The Evidence Creates an Issue of Fact as to Whether**
**Debtor Received Proper Notices**

As conceded by Defendants, TILA requires that a borrower receive completed Notice of Right To Cancel forms at the time that covered loans are consummated. *15 U.S.C. 1635(a); 12 C.F.R. 226.23.* If proper notices are not provided, the borrower has up to three years in which to rescind the loan. *15 U.S.C. 1635(a); 12 C.F.R. 226.23(a)(3).* In their motion, Defendants do not question that the loan at issue is subject to TILA and do not question that a rescission demand was made within three years. Rather, Defendants argue that it is "undisputed" that Plaintiff received proper notices. This is simply wrong.

In arguing this point, Defendants first make a fundamental mistake in the claim actually made. Plaintiff has indeed alleged that the loan documents were misdated, in that he flew to Southern California on November 7 and signed the documents on that date, despite the fact that the documents were dated November 4. [Declaration of Carlos Pacheco, "Pacheco Decl.", filed here-with, ¶1]. However, what Defendants miss is that Plaintiff has also alleged that the he received unsigned, incomplete, improper notices that – even if his claim about the date of the actual signing was wrong – mean that the Notice of Right To Cancel forms that he received were materially defective and created a violation under TILA, independent of the date of signing. [*Id.* and Exhibit A thereto]. On *either* basis, the TILA claim for rescission is properly maintained.

As noted, Mr. Pacheco maintains that he actually signed the loan documents on November 7, not November 4. In response, Defendants submit testimony from the notary present at the signing who contends it was November 4. [Defendants' Memo at pgs. 15-16]. This, however, creates nothing more than a classic factual dispute – "he says v. she says." Only the trier of fact can decide such a dispute.

Further, Defendants ignore the fact that Plaintiff also contends that he received notices that were improper, even if he had signed on November 4. These notices [Pacheco Declaration, Ex. A] are plainly deficient, as they have the incorrect date and are not completed. Thus, even if the Court could decide whose memory was correct as to the signing date, which it cannot, there still remains a material issue of fact to be decided – what notices did Plaintiff actually receive?

In a partial response to Plaintiff's allegations regarding the notices he received, Defendants point to completed, signed, notices in their files. However, whatever copies of properly filled-out notices are located in their files is immaterial, since the law requires that the *borrowers actually receive* properly filled-in notices. Each borrower must be left with two properly filled-in Notices for his or her own use: One copy is for the borrower to sign and return if he or she seeks to cancel (with the operative dates already filled in) and the other is to be retained as the borrower's copy (again, with the operative dates already filled in). TILA is very clear that both of the borrower's copies must contain the properly filled-in information. 15 U.S.C. 1635 and Reg. Z. Failure to do so is not merely a technical violation; rather, if the borrower is not provided with the proper information, then the borrower has an extended right to rescind.

The fact that Defendants produced filled-out notices merely creates a rebuttable presumption that Plaintiff received proper Notices. The presumption can be completely rebutted by proof as to exactly what the borrower, in fact, received. *In re Pinder, 83 B.R. 905, 913 n.5. (Bankr. E.D. Pa. 1988).* The burden for the borrower is low. *Cooper v. First Gov't Mortg. & Investors Corp., 238 F. Supp. 2d 50 (D.D.C. 2002).* The borrower may rebut with documentary evidence, testimony, or both. *Payne v. Equicredit Corp., 2002 WL 1018969, 2002 U.S. Dist. LEXIS 8919 (E.D. Pa. May 20, 2002); In re Underwood 66 B.R. 656 (Bankr. W.D. Va. 1986).* Further, Defendants have the burden of proof as to whether they tendered two properly-completed Notice of Right to Cancel forms to Plaintiff. *Wright v. Tower Loan of Mississippi, Inc.,* 679 F.2d 436, 444 (5th Cir.1982) (it is generally held that a lender bears the burden of proving compliance with the requirements of the TILA.)

In sum, the issue on this point is completely factual. Here, Plaintiff has testified that he did receive Notice of Right To Cancel forms at the time he signed loan documents. However, the forms

he did receive were completely incorrect and provide a proper basis for rescission. Only the trier of fact can decide which forms were actually received.

### C. The Tender Question Cannot Be Decided on This Record

Defendants next argue that, because Plaintiff "cannot" tender the loan proceeds, summary judgment is appropriate. This argument misstates the factual record and misapplies the law.

Fundamentally, Defendants attempt to establish this point by pointing to evidence of the home's value in 2008. [Defendants' Memo at pg. 17]. Such is meaningless in today's housing market. Next, Defendants point to the fact that Plaintiff has not attempted to refinance the property [*Id.*]. This, however, is also irrelevant. Plaintiff cannot refinance because Defendants have refused his rescission demand. There would be no point in his applying for a loan under these circumstances because the payoff demand would exceed what Plaintiff will be required to pay after rescission.

In reality, it now appears that Plaintiff **can** tender by refinancing, once rescission has been ordered by this Court. As set forth in the accompanying Declaration of William Purdy ("Purdy Decl."), the amount needed to tender here is at the moment is $517,520.18. [Purdy Decl., ¶3 and Ex. A].[1] The current value of the property is $600 – 625,000. [Declaration of Richard Lewis, "Lewis Decl.," filed herewith, at ¶3]. Given this valuation, the Pachecos could qualify to refinance at 90–97% of the full value of his home. [Lewis Decl., ¶4]. This means that they could obtain a loan in the amount of **at least** $540,000.00, more than enough for the ultimate tender obligation.

Plaintiff recognizes that, in an appropriate case, the Court can invoke its equitable powers to alter the statutory sequence adopted by Congress and can instead require a contemporaneous restitution comparable to common law rescission ("equitable re-sequencing"). The Ninth Circuit explained the Court's equitable re-sequencing power as follows:

> Thus, a court may impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations. Our precedent is consistent with the statutory and regulatory regime of leaving courts free to exercise equitable discretion to modify rescission procedures.
>
> \*       \*       \*
>
> We simply decide that in the circumstances of this case, the court did not lack discretion to modify the sequence of rescission events.

---

[1] Mr. Purdy has made these calculations for the convenience of the Court. The relevant data is set forth in the Declaration of Carlos Pacheco. The calculation is simply arithmetic, following the standards under TILA, as described by the Ninth Circuit Court of Appeals in *Semar v. Platte Valley Sav. & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

*Yamamoto v. Bank of New York* (9th Cir. 2003), 329 F.3d. 1167 at 1173.

The Ninth Circuit made it clear, however, that the decision to exercise equitable powers to modify the clear requirements of the statute was to be based on the factual record developed before the court: it was not in any fashion automatic. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances. . .

\*   \*   \*

Whether the call is correct must be determined on a case-by-case basis,

in light of the record adduced."

*Yamamoto, supra*, 329 F.3d. at 1172, 1173; and see, *Ray v. CitiFinancial*, 228 F. Supp. 2d 664 (D. Md. 2002) (Court may grant equitable relief from the TILA Statute but is not required to do so).

In an earlier case, the Ninth Circuit explained that the Court should look to the equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth-in-Lending Act and the remedial-penal nature of the private enforcement provisions of the Act. *Palmer v. Wilson,* 502 F.2d. 860, 862 (9th Cir. 1974); quoted with approval in *Yamamoto, supra,* 329 F.3d. at 1171.

Here, no adequate record has been adduced. The circumstances and nature of the loan have not been explained, nor have Defendants explained why they failed to honor the rescission demand or seek relief from this Court, as was their obligation. The only evidence submitted is Defendants' argument – based entirely on out of date information – that Plaintiff cannot tender. As explained above, this is untrue. Thus, at most, there is a question of fact on this issue. Even if the Court were to eventually consider "resequencing" as allowed under *Yamamoto*, summary judgment cannot be granted on this record.

### D. The Quiet Title Claim Cannot Be Dismissed

Defendants' motion for summary judgment as to the Quiet Title claim is similarly flawed. Defendants' only basis for this part of their motion is the assertion that Plaintiff cannot tender, as required. As set forth above, this is simply incorrect.

In an aside, defendant Homecomings also seems to request summary judgment on the grounds that it no longer claims an interest in the property. However, this is not so clear. In its initial answer in this matter, Homecomings claimed it owned the note at issue. It now disclaims that, leaving an issue as to title. Plaintiff should be able to have finality once this case is decided. For that reason, the quiet title claim should remain as to all defendants.

**E. The Rescission Demand Was Timely**

Defendants also inexplicably argue that the rescission demand here had to be made within three days. TILA is quite clear that, where, as here, the Notices of right To Cancel were improper, the borrower has an extended period of three years in which to demand rescission. *15 U.S.C. 1635;* As noted by the Ninth Circuit panel in *Miguel v. Country Funding Corp.,* 309 F.3d 1161 (9th Cir. 2002), "§1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the **three-year limitation period**." *Miguel* 309 F.3d at 1164; emphasis added.

## IV. CONCLUSION

Defendants factual presentation falls woefully short of that needed for summary judgment to be granted. At most, the conflicting evidence presents issues of fact, all of which are central to the claims made. Given this conflict, summary judgment simply cannot be granted and the motion must be denied in its entirety.

Date: June 10, 2010.

Respectfully submitted,

JENKINS MULLIGAN & GABRIEL LLP

LAW OFFICES OF SIMMONS & PURDY

By /s/ Daniel J. Mulligan
Attorneys for Plaintiff
